IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1736C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the amended complaint, defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in the unnumbered paragraph preceding paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of information sufficient to form a response.

3. Admits that defendant is the United States; the remainder of the allegations contained in paragraph 3 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the statutes or other sources of law implicitly referred to, which are the best evidence of their contents; otherwise denies.

5. Admits the allegations contained in paragraph 5 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

6. Admits the allegations contained in paragraph 6 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited statute, which is the best evidence of its contents; specifically denies that the statute renders passengers solely responsible for user fees; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited statute and regulations, which are the best evidence of their contents; otherwise denies.

10. Admits the allegations contained in paragraph 10 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the statutes or other sources of law implicitly referred to, which are the best evidence of their contents; otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the cited regulations, which are the best evidence of their contents; avers that the regulations were originally promulgated at 7 C.F.R. § 354.3(e); otherwise denies.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the cited regulations, which are the best evidence of their contents; admits the allegations contained in the second sentence of paragraph 17 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

18. Admits the allegations contained in paragraph 18 to the extent supported by the cited regulations, which are the best evidence of their contents; otherwise denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the cited regulations, which are the best evidence of their contents; otherwise denies.

20. The allegations contained in the first, second, third, and fourth sentences of paragraph 20 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information sufficient to form a response. Denies the allegations contained in the fifth sentence of paragraph 20 for lack of information sufficient to form a response.

21. The allegations contained in paragraph 21 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information sufficient to form a response.

22. The allegations contained in paragraph 22 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in the first and second sentences of paragraph 23 for lack of information sufficient to form a response. Admits the allegations contained in the third sentence of paragraph 23 to the extent supported by the cited statutes or other sources of law, which are the best evidence of their contents; otherwise denies.

24. Denies for lack of information sufficient to form a response.

25. Denies.

26. The allegations contained in paragraph 26 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the cited regulations, which are the best evidence of their contents; otherwise denies.

28. Admits the allegations contained in paragraph 28 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

32. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees; avers that plaintiff also paid $15,011 for uncollected or unremitted user fees relating to employee pleasure travel; otherwise denies.

33. The allegations contained in paragraph 33 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

35. Admits the allegations contained in paragraph 35 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

36. Admits the allegations contained in paragraph 36 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

37. Admits the allegations contained in paragraph 37 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

38. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

39. The allegations contained in paragraph 39 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in paragraph 40 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

41. Admits the allegations contained in paragraph 41 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

42. Admits the allegations contained in paragraph 42 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

43. Admits the allegations contained in paragraph 43 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

44. Admits the allegations contained in paragraph 44 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

45. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees and delinquency.

46. The allegations contained in paragraph 46 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by the cited regulations, which are the best evidence of their contents; otherwise denies.

48. Admits the allegations contained in paragraph 48 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

49. Admits the allegations contained in paragraph 49 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

50. Admits the allegations contained in paragraph 50 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

51. Admits the allegations contained in paragraph 51 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

52. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

53. The allegations contained in paragraph 53 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

54. Admits the allegations contained in paragraph 54 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

55. Admits the allegations contained in paragraph 55 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

56. Admits the allegations contained in paragraph 56 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

57. Admits the allegations contained in paragraph 57 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

58. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. Admits the allegations contained in paragraph 60 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

61. Admits the allegations contained in paragraph 61 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

62. Admits the allegations contained in paragraph 62 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

63. Admits the allegations contained in paragraph 63 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

64. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

65. The allegations contained in paragraph 65 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

66. Admits the allegations contained in paragraph 66 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

67. Admits the allegations contained in paragraph 67 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

68. Admits the allegations contained in paragraph 68 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

69. Admits the allegations contained in paragraph 69 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

70. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

71. The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. Admits the allegations contained in paragraph 72 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

73. Admits the allegations contained in paragraph 73 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

74. Admits the allegations contained in paragraph 74 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

75. Admits the allegations contained in paragraph 75 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

76. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

77. The allegations contained in paragraph 77 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

78. Admits the allegations contained in paragraph 78 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

79. Admits the allegations contained in paragraph 79 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

80. Admits the allegations contained in paragraph 80 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

81. Admits the allegations contained in paragraph 81 to the extent supported by the pertinent audit report, which is the best evidence of its contents; otherwise denies.

82. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected or unremitted user fees.

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. Admits the allegations contained in the first sentence of paragraph 84 to the extent supported by the correspondence, which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 84 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. Admits the allegations contained in the first and second sentences of paragraph 85 to the extent supported by the correspondence, which is the best evidence of its contents. The allegations contained in the third and fourth sentences of paragraph 85 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise denies.

86. Admits the allegations contained in the first sentence of paragraph 86 to the extent supported by the correspondence, which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 86 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise denies.

87. Admits the allegations contained in the first and second sentences of paragraph 87 to the extent supported by the correspondence, which is the best evidence of its contents. The allegations contained in the third sentence of paragraph 87 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise denies.

88. Defendant's responses to paragraphs 1-87 are incorporated by reference.

89. The allegations contained in paragraph 89 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations contained in paragraph 90 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91. The allegations contained in paragraph 91 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

92. Defendant's responses to paragraphs 1-26 and 53-87 are incorporated by reference.

93. The allegations contained in paragraph 93 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 81 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. Denies that plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 95, or to any relief whatsoever.

97. Denies each and every allegation not previously admitted or qualified.

AFFIRMATIVE DEFENSES

98. Plaintiff's claims are barred wholly or in part by accord and satisfaction.

99. Plaintiff's claims are barred wholly or in part by equitable estoppel.

100. Plaintiff's claims are barred wholly or in part by laches.

101. Plaintiff's claims are barred wholly or in part by waiver.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
by Donald E. Kinner
JEANNE E. DAVIDSON
Director

OF COUNSEL:

ANDREW S. KOSEGI
Attorney
U.S. Customs and Border
Protection
Indianapolis, IN

CYNTHIA A. KOCH
Senior Counsel
United States Department of
Agriculture
Washington, DC

March 14, 2007

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on March 14, 2007, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick