IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1736C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR CLARIFICATION OF FEE AWARD**

Pursuant to Rule 59(a) of the Court's Rules ("RCFC"), defendant, the United States, respectfully requests clarification of the Court's order, issued during the telephonic status conference on July 12, 2006 and memorialized in American Airlines, Inc. v. United States, ___ Fed. Cl. ___, 2006 WL 3490924 (Nov. 30, 2006), directing the Government "to pay for American Airlines's outside expert," Deloitte Financial Advisory Services, LLP. 7/12/06 Tr. 10. Specifically, we seek guidance concerning the Court's intent as to (i) the timing of the fee payments and (ii) the entity that should be paid. This motion does not request the Court to reconsider the underlying award of plaintiff's expert fees.

1. Counsel for American recently forwarded to us two Deloitte invoices, for a total of $365,523.50 in consulting fees and expenses, and has asked that we make payment directly to Deloitte. By contrast, we have expected that the expert fees would be included in the Court's final judgment, pursuant to RCFC 58. We know of no statutory waiver of sovereign immunity pursuant to which this Court may direct the Government to pay an interim award of fees, costs, or expenses, prior to the entry of a final judgment. Cf. National Ass'n of Crim. Def. Attys. v. DOJ, 182 F.3d 981 (D.C. Cir. 1999) ("NACDA") (concerning interim fee award under Freedom of Information Act, 5 U.S.C. § 552(a)); Trout v. Garrett, 891 F.2d 332 (D.C. Cir. 1989)

(concerning interim fee award under Title VII). (Assuming, for purposes of argument, that RCFC 26 and 37 may authorize prejudgment awards of fees or costs for discovery violations, we do not believe the Court invoked those Rules here. There has been no finding that we "fail[ed] to make disclosure required by RCFC 26(a)," RCFC 37(a)(2)(A), "fail[ed] to obey an order to provide or permit discovery," RCFC 37(b)(2), or committed any similar violation.)

Relatedly, Congress has authorized the use of appropriated monies from the Judgment Fund solely "for payment of final judgments" entered by this Court. 28 U.S.C. § 2414. There is a serious question, therefore, as to whether a Government officer possesses authority to approve payment of the $365,523.50 in fees at this time. Cf. OPM v. Richmond, 496 U.S. 414, 430 (1990). Accordingly, we respectfully request the Court to clarify its intent regarding the timing of the Government's payment of Deloitte's fees, and we respectfully suggest that payment should be due only pursuant to a final judgment.

2. Our second question is whether to pay American or Deloitte. The established rule with regard to attorney fees is that they are due and payable to the litigant, not to the attorney. Venegas v. Mitchell, 495 U.S. 82, 87-88 (1990); Willis v. GAO, 448 F.3d 1341, 1344 (Fed. Cir. 2006). We perceive no reason why another rule should apply to expert fees. Equally important, the recipient of an interim fee award must reimburse the opposing party, to the extent any amount that is paid is later reversed on appeal. NACDA, 182 F.3d at 985; Feher v. Department of Labor & Indus. Relations, 561 F. Supp. 757, 768 (D. Haw. 1983) (requiring awardee to post bond).

It is true that, under the latter circumstances, even assuming we had paid Deloitte directly, we would be justified in arguing that, in so doing, we had satisfied a debt owed by American and, therefore, we should be able to recover (or offset) directly from American. We know of no case

law directly on point, however. Nor there is any need to introduce that element of uncertainty into this case. Furthermore, an order requiring the United States to make payment directly to a third-party non-litigant would arguably be a form of injunctive relief, which is beyond this Court's jurisdiction to grant, outside the bid protest context, 28 U.S.C. § 1491(a), (b), and which might, regardless of the legal label, be immediately appealable as of right. Id. §§ 1292(a)(1), 1295(a)(3); see also Gregory C. Sisk, Interim Attorney's Fees Awards Against The Federal Government, 68 N.C. L. Rev. 117, 159-63 (1989). Accordingly, we respectfully request the Court to clarify its intent regarding whether we should pay Deloitte's fees to American or Deloitte, and we respectfully suggest that payment should be made to American.

## CONCLUSION

Accordingly, we respectfully request the Court to clarify its award of expert fees with respect to the two issues discussed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

ANDREW S. KOSEGI
Attorney
U.S. Customs and Border Protection
Indianapolis, IN

CYNTHIA A. KOCH
Senior Counsel
United States Department of Agriculture
Washington, DC

March 15, 2007

CERTIFICATE OF FILING

I certify under penalty of perjury that the attached document was electronically filed on March 15, 2007. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick