IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1736C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST POST-HEARING BRIEF**

Pursuant to the Court's order from the bench on May 31, 2007, defendant, the United States, respectfully submits this post-hearing brief concerning the Government's affirmative defenses of equitable estoppel and waiver. We have also filed today a motion respectfully requesting a five-day enlargement of time to respond by brief to count III of the second amended complaint filed by plaintiff, American Airlines, Inc., pursuant to prior leave of the Court, on June 4, 2007, which alleges that U.S. Customs and Border Protection ("CBP") illegally exacted $48,041 in interest and penalties from American, in connection with an immigration inspection user fee audit of international flights from January 1 through December 31, 2002.[*]

I. Equitable Estoppel Bars American's Recovery Of The Remittances At Issue

The doctrine of equitable estoppel bars recovery where a claimant "acquiesced in the [underlying] transaction in such a manner as to change the relationship of the parties and make its repudiation of the proceedings contrary to equity and good conscience." Stevens Mfg. Co. v. United States, 8 F. Supp. 720, 80 Ct. Cl. 183, 192-93 (1934), quoted in Emeco Indus, Inc. v. United States, 202 Ct. Cl. 1006, 485 F.2d 652, 657 (1973); accord Union Pac. R.R. v. United

[*] The clerk's office has not docketed a deadline for our response the second amended complaint. We calculate that a response is due on June 18, 2007.

States, 847 F.2d 1567, 1570 (Fed. Cir. 1988). Equitable estoppel may be invoked as a complete defense to a claim. A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1041 (Fed. Cir. 1992). Its elements are (i) misleading conduct or inaction – not necessarily involving affirmative statements – by the estopped party; (ii) reliance by the party asserting estoppel; and (iii) material prejudice to that party if the claim is belatedly allowed to go forward. Id.; Hercules Inc. v. United States, 49 Fed. Cl. 80, 88 (2001), aff'd, 292 F.3d 1378 (Fed. Cir. 2002).

These elements are satisfied here. CBP and the United States Department of Agriculture, Animal and Plant Health Inspection Service ("APHIS") based their conduct in material part upon plaintiff's acquiescence in the Government's audit and collection practices. In designing each and every audit at issue in this case, the auditors, with American's full knowledge and acquiescence, adopted the premise that instances in which American failed to document the collection of a user fee would be deemed instances of non-remittance, and would be included in the statistical estimates of the "error rates." Blessing Test. 3; Robinson Test. 2-3; 2d Hobbs Decl. ¶ 6.

Had the Government known at the time of the audits that American would later claim it was not legally liable for "uncollected" user fees – and that American would rely upon the user fee audit reports in seeking damages based upon every supposed instance of "non-collection" represented by the statistically derived "error rates" – the agencies could have, and logically would have, taken some or all of the following steps.

APHIS – whose user fee rate is set and adjusted by agency regulation, rather than by statute – could have set higher rates, to include a contingency for shortfalls in the required collections by American and other airlines. Shea Test. 4. Both CBP and APHIS could have revised their user fee regulations, or sought legislative changes, to clarify their authority to

require air carriers to remit user fee amounts that they have failed to collect. Id. at 3; Blessing Test. 4 ("I would have sought a legal opinion . . . ."). APHIS, in particular, had an obvious opportunity to obtain such action by Congress during the drafting of the 1996 farm bill. Shea Test. 3; see Pub. L. No. 104-127, 110 Stat. 888 (1996); H.R. Conf. Rep. No. 104-494, at 474, reprinted in 1996 U.S.C.C.A.N. 683, 843. Those lost opportunities to address the claims that American has raised in this litigation are especially important because both agencies rely upon the user fees to fund their performance of the respective international air passenger inspections. 8 U.S.C. § 1356; 21 U.S.C. § 136a(a)(6); H.R. Conf. Rep. No. 104-494, at 474.

Independently, the Government auditors could have (i) performed additional reviews of American's internal controls (similar to the close review performed on importers to confirm proper payment of import duties), to identify problem areas that could be resulting in failures to collect user fees; (ii) demanded fuller explanations for, or additional proof of, incidents of non-collection; and, not least important, (iii) expressly qualified the audit results, to clarify that there was no affirmative "finding" that American did not collect the fees that it told the auditors it did not collect. Blessing Test. 4; Robinson Test. 2-3; Shea Test. 4.

Whether intentionally or unintentionally, American slept on its claims and inequitably deprived the Government of these reasonable and "relatively painless" alternatives to paying damages here. Cf. E. Walters & Co., Inc. v. United States, 217 Ct. Cl. 254, 576 F.2d 362, 368 (1978). Accordingly, American should recover nothing.

## II. Alternatively, American's Repeated Waivers Bar Its Recovery

Absent an express statutory prohibition (which does not exist here), a party may waive regulatory, statutory, and even constitutional rights or claims Madigan v. Hobin Lumber Co.,

986 F.2d 1401, 1403 (Fed. Cir.1993). Enforcement of those rights is then barred, provided the waiver was knowing and voluntary. Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1563 (Fed. Cir. 1980) (citing Brookhard v. Janis, 384 U.S. 1, 4, 5 (1966)). A waiver need not be express, but may be inferred from a pattern of conduct. Ling-Temco-Vought, Inc. v. United States, 201 Ct. Cl. 135, 475 F.2d 630, 637 (1973). Moreover, the party invoking a waiver need not demonstrate prejudice. Seaboard Lumber, 903 F.2d at 1563.

This case involves far more than mere isolated payments by American without protest. Instead, by its conduct during the planning and conduct of the user fee audits, described above, and by remitting the amounts that the auditors determined were owed, American accepted – voluntarily, and without reservation or objection – the premise that it was liable for fees that it should have collected from covered passengers and remitted to the Government, but which were not remitted, for any reason, regardless of whether those fees had been collected. American did this not once, but repeatedly, for a period of years.

Furthermore, American had full knowledge of the applicable user fee statutes and regulations the entire time. American may now argue that no one with legal expertise at the company actually examined the statutes and regulations. That level of scienter is irrelevant to American's waiver, however. "A fundamental premise of our legal system is that parties are presumed to know the law, and ignorance of the law is no excuse . . . [N]ot only is a party's knowledge of federal statutory law imputed, but so are the manifold regulations promulgated by agencies thereunder." Hermes Consol., Inc. v. United States, 58 Fed. Cl. 409, 416 (2003) (collecting authorities), rev'd on other grounds sub nom. Tesoro HI Corp. v. United States, 405 F.3d 1339 (Fed. Cir. 2005). Accordingly, American should not recover, because it knowingly,

voluntarily, and repeatedly forswore the illegal exaction theories it advances now. The only claims that could possibly survive American's repeated waivers are the claims it asserts in connection with the audit that occurred in August 2004, after this lawsuit had been filed. 2d Am. Compl. ¶¶ 47, 78. Even there, however, American's prior waivers should preclude relief.

## CONCLUSION

For the reasons given above, we respectfully request the Court to deny American all relief, enter judgment for defendant, and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

ANDREW S. KOSEGI
Attorney
U.S. Customs and Border Protection
Indianapolis, IN

CYNTHIA A. KOCH
Senior Counsel
United States Department of Agriculture
Washington, DC

June 15, 2007

CERTIFICATE OF FILING

I certify under penalty of perjury that the attached document was electronically filed on June 15, 2007. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick